UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-07372-AH-(AJRx) | Date | October 30, 2025 |
| Title | Celeste Renee Perea v. General Motors LLC et al. | | |

Present: The Honorable    Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

Proceedings:    (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO
REMAND (DKT. NO. 15)

Before the Court is Plaintiff Celeste Renee Perea's ("Plaintiff") Motion to Remand ("Motion" or "Mot."). Dkt. No. 15. Defendant General Motors LLC ("Defendant") opposes. Opp'n, Dkt. No. 16. The Court heard oral argument on October 29, 2025. For the following reasons, the Court **DENIES** Plaintiff's Motion.

## I.    BACKGROUND

On or around May 27, 2023, Plaintiff purchased a motor vehicle (the "Vehicle"). Compl., Dkt. No. 1-1, ¶ 9. In connection with the purchase, Plaintiff received various warranties. *Id.* ¶ 11. During Plaintiff's ownership of the Vehicle, the Vehicle manifested defects covered by the express warranties, including engine defects. *Id.* ¶ 12. Plaintiff delivered the Vehicle to Defendant and/or its authorized service and repair facilities for diagnosis and repair of the defects, but Plaintiff alleges that the Vehicle was not serviced or repaired to conform to the applicable express warranties after a reasonable number of opportunities to do so. *Id.* ¶¶ 13-14.

Based on the above allegations, Plaintiff alleges violations of the Song-Beverly Consumer Warranty Act ("SBA"), California Civil Code §§ 1791.1, 1793.2, and 1794, and violations of the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2301-2312. *Id.* ¶¶ 8-44.  Plaintiff commenced this action in Los Angeles County Superior Court on March 27, 2025. *See generally id.*  Defendant filed an answer on May 16, 2025.  Dkt. No. 1-2.

On July 15, 2025, Defendant produced as part of its statutory disclosures an "April 1, 2022 invoice reflecting GM's sale of the Subject Vehicle to Diamond Buick GMC Palmdale, the selling dealership," with a "Suggested Retail Price ("MSRP") of the Subject Vehicle as $51,825.00."  Yang Decl., Dkt. No. 15-1, ¶ 7; Ex. 2, Dkt. No. 15-1.

On August 8, 2025, Defendants removed this action on the basis of diversity jurisdiction, 28 U.S.C. § 1332.  Notice of Removal ("NOR"), Dkt. No. 1.  Plaintiff filed the Motion on September 5, 2025.  Dkt. No. 15.

## II.    LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction.  28 U.S.C. § 1441(a).  Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, excluding interest and costs.  *Id.* §§ 1331, 1332(a).

Under 28 U.S.C. § 1446(b)(1), a defendant must file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  This 30-day time period "starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face the facts necessary for federal court jurisdiction." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 690–91 (9th Cir. 2005) (citation and internal quotation marks omitted).  Notice "of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Id.* at 694; *accord Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1141 (9th Cir. 2013).

However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  "While § 1446(b)(1) requires only a pleading that 'set[s] forth' a ground for removal to start the removal clock under the first pathway, § 1446(b)(3)'s second pathway requires an amended pleading, motion, order, or other paper from which a ground for removal may be 'ascertained.'"  *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1093 (9th Cir. 2021).  The "removal clock [under § 1446(b)(3)] does not start until a paper makes a ground for removal 'unequivocally clear and certain.'"  *Id.* at 1091.  "[E]ven if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation."  *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013).  Though "defendants need not make extrapolations or engage in guesswork," they are still required "to apply a reasonable amount of intelligence in ascertaining removability," such as by "[m]ultiplying figures clearly stated in a complaint."  *Kuxhausen*, 707 F.3d at 1140 (quoting *Whitaker v. Am. Telecasting, Inc.,* 261 F.3d 196, 206 (2d Cir. 2001)).

Although the time limit is procedural rather than jurisdictional, it "is mandatory and a timely objection to a late petition will defeat removal."  *Smith v. Mylan Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014) (quoting *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980)).

## III.   DISCUSSION

Plaintiff argues that Defendant's Notice of Removal was untimely because removability was clear from the face of the Complaint.  She claims that the MMWA is a federal cause of action making removability apparent under 28 U.S.C. § 1331, and that the face of the Complaint made any amount in controversy requirements apparently met, thus triggering the 30-day deadline which lapsed before Defendant removed the action.  Mot. at 4-6.  Defendant maintains that the deadline for removal had not been triggered, and instead contends that removal was timely after its own investigation.[1]  *See generally* Opp'n, Dkt. No. 16.

---

[1] Defendant does not explain what documents formed the basis of its own investigation in order to ascertain removability.  However, as Plaintiff herself

As an initial matter, Plaintiff ignores that the MMWA provides that "[n]o claim [under 15 U.S.C. § 2310(d)(1)(B)] shall be cognizable . . . if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit."  15 U.S.C. § 2310(d)(3).  Plaintiff is therefore incorrect that the mere pleading of a claim under the MMWA "is grounds, alone, to grant Plaintiff's Motion."  Mot. at 5; *see Shoner v. Carrier Corp.*, 30 F.4th 1144, 1147 (9th Cir. 2022) ("Although the MMWA is a federal statute, federal courts do not have jurisdiction over an MMWA claim if the amount in controversy is less than $50,000.").

Moreover, neither an amount in controversy over $50,000 for the MMWA claim, nor over $75,000 for the SBA claims,[2] is ascertainable from the face of the Complaint.  Numerous courts have rejected Plaintiff's argument that the caption page and Civil Case Cover Sheet to the Complaint invoking the state court's unlimited jurisdiction over $35,000 is sufficient to show the amount in controversy is met.  *See, e.g.*, *Lopez v. Gen. Motors, LLC*, 2025 WL 2629545, *2 (C.D. Cal. Sept. 11, 2025) (collecting cases).  The Civil Case Cover Sheet only indicates that the "[a]mount demanded exceeds $35,000."  Dkt. No. 1-1 at 11.[3]  There is no indication in the Complaint or the Civil Case Cover Sheet that this amount constitutes actual damages (for which Plaintiff could be entitled to civil penalties and/or attorney's fees), as opposed to the total amount of damages at issue in the case.

---

points out, "evidentiary submissions concerning the amount in controversy are necessitated only when the propriety of subject matter jurisdiction is questioned by a plaintiff or the court."  Mot. at 7 (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)).

[2] Defendant argues that there is uncertainty in how district courts calculate the amount in controversy under MMWA and argues that here, Plaintiff pleads different damages for his SBA claims from his sole claim under the MMWA.  Opp'n at 10-12.  Plaintiff does not address the calculation of the amount in controversy for the MMWA claim.  Some courts look to civil damages authorized by the SBA to determine the measure and type of damages under the MMWA.  *See, e.g.*, *Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1239-40 (C.D Cal. Nov. 7, 2005).

[3] The Court references the ECF page number for the exhibit.

---

Plaintiff finally argues that "it is impossible to believe that Defendant could not ascertain the amount in controversy exceeded $50,000.00 based on the face of the complaint alone" which requested, among other types of relief, restitution for the purchase of the vehicle.  Mot. at 6.  Plaintiff supports this argument by claiming that Defendant had "sophisticated knowledge of the motor vehicle industry"; the ability to investigate the value of the Vehicle given the make, model, year, and VIN included in the Complaint; and access to the Vehicle's suggested retail price, which Defendant identified as $51,825.00 in an April 2022 internal invoice sent to the dealership which sold the Vehicle.  *Id.* at 7-8; Ex. 2, Dkt. No. 15-1.  Plaintiff argues that this information made it possible for Defendant to plausibly allege the amount in controversy.  *Id*. at 7-8.  Notwithstanding the question of which amount in controversy requirement Plaintiff was referring to—$50,000 under the MMWA or $75,000 under 28 U.S.C. § 1332—there were no relevant figures alleged in the Complaint such that Defendant could have determined actual damages based on the initial pleading.

As set forth above, although Defendant may have been able to conduct its own independent investigation into Plaintiff's actual damages, Defendant was not required to do so at any point because no deadline had triggered.  Defendant did later conduct its own investigation and concluded that actual damages were estimated at $79,998.44 after the relevant offsets and that Plaintiff was a citizen of California, plausibly alleging a basis for diversity jurisdiction under 28 U.S.C. § 1332.  NOR at 2-5.  Accordingly, Defendant has timely removed the action and plausibly alleged that this Court has subject matter jurisdiction.

## IV.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Remand and request for attorney's fees.

**IT IS SO ORDERED.**